**WO**                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Otis E. Bunn,<br><br>        Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV 12-2114-PHX-GMS (LOA)<br><br>**ORDER** |

On October 5, 2012, Petitioner Otis E. Bunn, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). On October 30, 2012, Petitioner filed a "Request[] to Submit Exhibits to the Court" (Doc. 4)

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-2003-023301-001-DT, of possession or use of narcotic drugs, criminal damage, and assault. He was

sentenced to a 10-year term of imprisonment for the possession or use of narcotic drugs conviction; a consecutive, 3.75-year term of imprisonment for the criminal damage conviction; and time served for the assault conviction.

In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief. In Ground One, he contends that he was denied his Sixth Amendment right to conflict-free counsel. In Ground Two, he alleges that the trial court abused its discretion and violated Petitioner's due process rights when the trial court failed to hold an evidentiary hearing on Petitioner's petition for post-conviction relief. In Ground Three, Petitioner contends that the trial court violated Petitioner's due process rights when it concluded that Petitioner's motion for rehearing regarding the denial of the petition for post-conviction relief was untimely and denied the motion for rehearing. In Ground Four, Petitioner asserts that he received ineffective assistance of counsel during the pretrial and trial stages of his criminal case. This claim appears to reiterate some of the allegations Petitioner made in Ground One.

Petitioner alleges that he has presented these issues to the Arizona Court of Appeals and Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## III. Request to Submit Exhibits

In his Request to Submit Exhibits, Petitioner requests permission to "submit into evidence his attachment/exhibits." To the extent Petitioner is seeking permission to file with the Court the ten exhibits listed in his Petition as "Not Sent, awaiting U.S. District Court's Order to Send," the Court will grant Petitioner permission to file these exhibits. To the extent Petitioner is seeking an evidentiary hearing, the Court will deny as premature this request. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.").

. . . .

## IV. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) Petitioner's "Request[] to Submit Exhibits to the Court" (Doc. 4) is **granted in part** to the extent Petitioner is seeking permission to file the unfiled exhibits to which he refers in his Petition and is **denied in part as premature** to the extent Petitioner is requesting an evidentiary hearing.

(3) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer

1  limited to relevant affirmative defenses, including but not limited to, statute of limitations, 2 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only 3 those portions of the record relevant to those defenses need be attached to the answer. 4 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the 5 defense.  Day v. McDonough, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative 6 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules 7 Governing Section 2254 Cases.

8  (5) Petitioner may file a reply within 30 days from the date of service of the 9 answer.

10  (6) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to 11 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a 12 report and recommendation.

13  DATED this 9th day of November, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

**TERMPSREF**

- 4 -