1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                     FOR THE DISTRICT OF ARIZONA
8
9   Otis Eugene Bunn,                    )   No. CV-12-2114-PHX-GMS (LOA)
                                         )
10              Petitioner,              )   **REPORT AND RECOMMENDATION**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Charles L. Ryan, et al.,             )
13                                       )
                Respondents.             )
14                                       )
    _____)
15
16          This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas

17  Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his

18  criminal convictions in Maricopa County, Arizona, Superior Court, Case No. CR2003-0233-

    1-001 DT. (Doc. 1)  Respondents have filed a Limited Answer to Petition for Writ of Habeas
19
    Corpus (the "Answer") and Petitioner has filed a Reply. (Docs. 10, 12) Also pending is a
20
    Motion for Evidentiary Hearing and Oral Argument, which will be addressed by separate
21
    order filed simultaneously herewith.  As explained below, the undersigned Magistrate Judge
22
    recommends the Petition be denied as untimely.
23
    **I. Background**
24
        **A. Factual Summary**
25
            The Arizona Court of Appeals summarized the facts of this case as follows:
26
                    On October 10, 2003, Enterprise Rental Car employee Antoine Samuel
27          drove to Bunn's residence to retrieve the key for a rental car, a Toyota Echo.
            Upon seeing Samuel approach the residence, Bunn got into the rental car.
28          Samuel approached the car and asked Bunn for the key.  Bunn chose not to

return the key, and instead placed the car in reverse and "nipped" Samuel's foot.  Samuel then returned to his car to report to his manager.

While Samuel was seated in his car, Bunn rammed it.  Samuel testified he was scared of being pushed into oncoming traffic and being injured.  Bunn continued to ram Samuel's car until it had been pushed out of the driveway.  When there was a sufficient opening onto the street, Bunn drove through it and went to police headquarters.

Officer Cor responded to the radio call on October 10, 2003.  Officer Ferree arrived soon thereafter.  Officer Cor spoke with Samuel, who was parked in the street and then went to the police headquarters.  At the police headquarters, Officer Cor arrested Bunn and searched his property pursuant to procedure.  Officer Cor discovered two yellowish colored rocks in Bunn's wallet.  Ms. Stump, a forensic scientist for the Phoenix crime laboratory, later confirmed the rocks to be cocaine base.

(Doc. 10, Exhibit ("Exh.") F at 47-48)[1]

**B. Trial and Sentencing**

A five-day jury trial was held in August and September 2006, after which the jury found Petitioner guilty of one count of Assault, a Class One misdemeanor; one count of Criminal Damage, a Class Six felony; and one count of Possession or Use of Narcotic Drugs, a Class Four felony.[2] (Doc. 10, Exhs. A-C) Petitioner, who had two prior felony convictions, was sentenced on June 27, 2008, to ten years in prison for the drug offense, a consecutive term of 3.75 years for the criminal damage offense, and time served for the misdemeanor assault. (Doc. 10, Exh. C)

**C. Direct Review**

Petitioner filed a Notice of Appeal on July 14, 2008. (Doc. 10, Exh. D)  Petitioner's appointed appellate counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that after searching the record, he could find no arguable grounds for reversal to present. (Doc. 10, Exh. F at 47)  Petitioner then filed a Pro Per Supplemental Brief on May 18, 2009. (Doc. 10,

---

[1] The docket and page numbers cited here were generated by the Court's case management and electronic filing system. They do not reflect the pre-printed numbers on the documents.

[2] The Honorable Michael D. Gordon presided over the trial and the Honorable John R. Ditsworth presided over the sentencing.

Exh. E) On June 18, 2009, the Arizona Court of Appeals issued a Memorandum Decision in which it affirmed Petitioner's convictions and sentences. (Doc. 10, Exh. F)  The Court of Appeals reviewed the record for reversible error and found none. (*Id.*)  After the time expired for Petitioner to seek review in the Arizona Supreme Court, the Court of Appeals issued an Order and Mandate on August 12, 2009. (Doc. 10, Exh. G)

### D. State Post-Conviction Proceedings

On July 11, 2008, three days before filing his Notice of Appeal, Petitioner initiated State post-conviction proceedings by filing a Notice of Post-Conviction Relief. (Doc. 10, Exh. H) On October 8, 2008, the attorney appointed to represent Petitioner in the post-conviction proceedings filed a Notice of Completion of Post Conviction Review by Counsel; Request for Extension of Time to Allow Petitioner to File *Pro Per* Petition for Post-Conviction Relief. (Doc. 10, Exh. I, J) Counsel stated in the Notice of Completion that, after reviewing the record and corresponding with Petitioner, she found no grounds for post-conviction relief and no basis upon which to file a petition. (Doc. 10, Exh. J) Counsel further requested that Petitioner be granted a 30-day extension of time to file his own post-conviction petition. (*Id.*) On November 10, 2008, Petitioner filed a timely Pro Per Supplement to Petition for Post-Conviction Relief in the trial court. (Doc. 11, Exh. L) After briefing was completed, the trial court issued a ruling on July 28, 2009. (Doc. 11, Exh. N) The trial court determined Petitioner raised no colorable claims for relief and, as a result, denied the petition. (*Id.*) On August 27, 2009, Petitioner filed a Motion for Rehearing and Leave to Amend Rule 32 Petition.  (Doc. 11, Exh. O)  On November 24, 2009, the trial court denied the Motion for Rehearing as untimely because it was not filed within fifteen days after the ruling as required by Rule 32.9, Ariz.R.Crim.P. (Doc. 11, Exh. P)

On December 31, 2009, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (Doc. 11, Exh. Q) The Court of Appeals dismissed the Petition for Review on April 28, 2011, because Petitioner failed to file it "within 30 days of the trial court's final decision disposing of the petition for post-conviction relief proceedings," as required by Rule 32.9(c), Ariz. R. Crim. P. (Doc. 11, Exh. R) Petitioner then filed two Petitions for Review in the

Arizona Supreme Court.  (Doc. 11, Exhs. S, T) The Arizona Supreme Court denied review on September 27, 2011. (Doc. 11, Exh. U)[3]

### E. Federal Habeas Petition

On August 3, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court.[4] (Doc. 1)  Petitioner raises four grounds for relief in the Petition. In Ground One, Petitioner alleges his trial counsel had a conflict of interest involving his representation of another defendant who had an adversarial relationship to Petitioner. Petitioner contends he was denied his Sixth Amendment right to conflict-free counsel. In Ground Two, Petitioner alleges the trial court abused its discretion and violated his right to due process by failing to hold an evidentiary hearing on his petition for post-conviction relief, which raised his counsel's alleged conflict of interest.  Petitioner alleges in Ground Three the trial court violated his right to due process by improperly determining his motion for rehearing regarding the denial of his petition for post-conviction relief was untimely and denying it. In Ground Four, Petitioner alleges ineffective assistance of trial counsel at the pre-trial and trial stages of his case. On December 19, 2012, Respondents filed their Answer and supporting exhibits. (Docs. 10, 11)  Petitioner then filed his Reply on January 18, 2013. (Doc. 12)

## II.  Discussion

Respondents argue the Petition should be dismissed as time-barred because it was not filed within the applicable statute of limitations period. Alternatively, Respondents contend

---

[3] According to a Deputy Clerk at the Arizona Supreme Court, the Court issued only one denial of review despite Petitioner's two Petitions for Review.  It appears the Court treated Petitioner's second Petition for Review as an amended petition, resulting in the first being superseded.

[4] The docket reflects the Petition was actually filed on October 5, 2012. (Doc. 1) The August 3, 2012 filing date is the date Petitioner signed the Petition, doc. 1 at 34, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Petitioner fails to explain the significant delay between when the Petition was placed in the prison mailing system and its actual filing date.

Petitioner's claims are procedurally defaulted. Because the information presented clearly establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative argument.

**A. Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[5] imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214,

---

[5] The AEDPA, which was signed into law on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely.").

State post-conviction petitions rejected as untimely by the state court are not "properly filed" under § 2244(d)(2), and do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

**B. Analysis**

**1. Limitations Period**

Here, the Arizona Court of Appeals, on direct review, affirmed Petitioner's convictions and sentences on June 18, 2009. (Doc. 10, Exh. F)  Petitioner then had thirty days to seek review in the Arizona Supreme Court.  *See* Ariz. R. Crim. P. 31.19(a) (petition for review to the Arizona Supreme Court must be filed within 30 days after the filing of the decision by the Court of Appeals). As a result of Petitioner's failure to seek review in the Arizona Supreme Court, his convictions became final upon the expiration of the time to seek review, which was July 20, 2009. *See* 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495

1   F.3d 1069, 1074 (9th Cir. 2007) (direct appeal was final on the date the petitioner allowed

2   his time to seek review in the Arizona Supreme Court to expire). Thus, absent any tolling,

3   the AEDPA's statute of limitations period would have started to run the next day, on July 21,

4   2009.

5          Petitioner, however, had filed a Notice of Post-Conviction Relief on July 11, 2008,

6   which was still pending on July 21, 2009, thus tolling the limitations period. The limitations

7   period remained tolled for only one week, however, until July 28, 2009, the date the trial

8   court denied the Petitioner's post-conviction petition. Neither Petitioner's Motion for

9   Rehearing in the trial court nor his Petition for Review in the Arizona Court of Appeals

10  further tolled the limitations period because they were rejected as untimely. *See Pace,* 544

11  U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was

12  not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") Thus, the

13  limitations period began to run the day after the trial court denied his post-conviction

14  petition, on July 29, 2009, because no application for post-conviction relief was "pending"

15  at that time. *See* 28 U.S.C. § 2244(d)(2); *see also Hemmerle*, 495 F.3d at 1077 (after denial

16  of review by the Arizona Supreme Court, "nothing remained 'pending' for purposes of §

17  2244(d)(2)."); *Lawrence v. Florida*, 549 U.S. 327, 334 (2007) ("When the state courts have

18  issued a final judgment on a state [post-conviction] application, it is no longer pending even

19  if a prisoner has additional time for seeking review of that judgment through a petition for

20  certiorari.") The limitations period ran uninterrupted until it expired one year later on July

21  29, 2010. Petitioner filed his Petition in this District Court on August 3, 2012, more than two

22  years after the limitations period expired. Consequently, the Petition is untimely.

23         Although Respondents also conclude the Petition is barred by the statute of

24  limitations, they mistakenly contend Petitioner's "convictions and sentences became final on

25  August 27, 2009, upon the expiration of the 30 days provided by Rule 32.9(c), Arizona Rules

26  of Criminal Procedure, for filing petitions for review from the trial court's July 28, 2009,

27  denial of his PCR petition." (Doc. 10 at 6)  Respondents cite two cases in support, neither of

28  which stands for the proposition they are asserting. (*See id.*)

1    Respondents are confusing the analysis under 28 U.S.C. § 2244(d)(1)(A) and the

2  statutory tolling analysis under § 2244(d)(2).  Under § 2244(d)(1)(A), the issue is when the

3  judgment became final. That occurs at "the conclusion of direct review or the expiration of

4  the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the instant case, as noted

5  above, the judgment became final on July 20, 2009, upon the expiration of Petitioner's time

6  to seek review of his direct appeal in the Arizona Supreme Court. The statutory tolling

7  provision, on the other hand, tolls the limitations period during the time a properly filed state

8  post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). Respondents mistakenly

9  considered "the expiration of the time for seeking such review" in their analysis of how long

10  the limitations period was tolled, even though that consideration only applies in the context

11  of determining when the judgment became final. *See Hemmerle*, 495 F.3d at 1074

12  (recognizing distinction  between standard for determining when an application for post-

13  conviction relief is "pending" under § 2244(d)(2) and for determining when direct review

14  was final under § 2244(d)(1)(A)); *Carey*, 536 U.S. at 219-220 (an application for post-

15  conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) only

16  until it achieves final resolution through the State's post-conviction procedure). Thus,

17  although their ultimate conclusion is correct, Respondents' determination of when the

18  limitations period began to run is not.

19       **2. Equitable Tolling**

20    Petitioner argues in one of his grounds for relief, and in his Reply, that the trial court

21  failed to give him timely notice of its July 28, 2009 decision denying his petition for post-

22  conviction relief.  (Doc. 1 at 23; Doc. 12 at 2) Thus, he claims the trial court's subsequent

23  denial of his Motion for Rehearing as untimely was improper.  Petitioner's contention will

24  be construed as a request to apply equitable tolling.

25    As referenced above, the limitations period set forth in § 2244(d) is subject to

26  equitable tolling where a petitioner shows he has been pursuing his rights diligently and that

27  extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct.

28  at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary

1  circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.

2  2009). Equitable tolling is not available in most cases. *Miranda v. Castro*, 292 F.3d 1063,

3  1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

4  AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external

5  force must cause the untimeliness, rather than, as we have said, merely 'oversight,

6  miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at

7  1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's

8  ignorance of the law and lack of legal sophistication do not constitute "extraordinary

9  circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th

10  Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack

11  of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v.

12  United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting

13  movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal

14  sophistication and stating: "we have never accepted *pro se* representation alone or procedural

15  ignorance as an excuse for prolonged inattention when a statute's clear policy calls for

16  promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a pro se petitioner's confusion or

17  ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*,

18  558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating

19  it is warranted in his case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter

20  alia*, *Holland*, 130 S.Ct. at 2562).

21       Here, Petitioner has failed to show extraordinary circumstances stood in his way and

22  prevented him from filing a timely petition. Even if this Magistrate Judge accepted as true

23  Petitioner's self-serving assertion that he did not receive timely notice of the trial court's

24  denial of his petition for post-conviction relief, that would only excuse his failure to file a

25  timely Motion for Rehearing.  As referenced above, however, the Arizona Court of Appeals

26  rejected his Petition for Review as untimely, not because the Motion for Rehearing to the

27  trial court was late, but because Petitioner failed to file his Petition for Review within thirty

28  days of the trial court's denial of the Motion for Rehearing. (Doc. 10, Exh. R)  Petitioner

1    does not allege he received untimely notice of the trial court's denial of his Motion for

2    Rehearing. Thus, at best, if Petitioner's untimely Motion for Rehearing was excused, the

3    limitations period would have been tolled an additional four months, until November 24,

4    2009, the date the trial court denied the Motion for Rehearing.  Because the habeas Petition

5    was untimely by more than two years, four months of additional tolling would not make a

6    material difference. Petitioner has alleged no other basis to apply equitable tolling.

7        **C. Conclusion**

8        For the foregoing reasons, this Magistrate Judge finds Petitioner filed the Petition after

9    the limitations period expired.  Additionally, equitable tolling, even if it applied here, would

10   not toll the limitations period enough to render the Petition timely. Consequently, the Petition

11   is barred by the AEDPA's statute of limitations.

12       Based on the foregoing,

13       **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus, pursuant to

14   28 U.S.C. § 2254, doc. 1, be **DENIED**;

15       **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

16   to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is

17   justified by a plain procedural bar and jurists of reason would not find the procedural ruling

18   debatable.

19       This recommendation is not an order that is immediately appealable to the Ninth

20   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

21   Appellate Procedure, must not be filed until entry of the District Court's judgment. The

22   parties have 14 days from the date of service of a copy of this recommendation within which

23   to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.

24   6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the

25   objections. Failure to timely file objections to the Magistrate Judge's Report and

26   Recommendation may result in the acceptance of the Report and Recommendation by the

27   district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

28   (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

1   undersigned Magistrate Judge will be considered a waiver of a party's right to appellate

2   review of the findings of fact in an order of judgement entered pursuant to the Magistrate

3   Judge's recommendation. *See* Fed.R.Civ.P. 72.

4       DATED this 11th day of October, 2013.

Lawrence O. Anderson
United States Magistrate Judge