WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Otis Eugene Bunn,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-12-02114-PHX-GMS<br><br>**ORDER** |

      Pending before the Court are Petitioner Otis Eugene Bunn's Petition for Writ of Habeas Corpus (Doc. 1) and Petitioner's Motion to Compel Respondents to Show Evidence (Doc. 27). Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition with prejudice. (Doc. 20.) Bunn filed objections to the R&R. (Doc. 22.) Because objections have been filed, the Court will review the petition *de novo*. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies the petition as untimely. The Court also denies Bunn's Motion to Compel.

## BACKGROUND

      Bunn was convicted by a jury in Maricopa County Superior Court, case #CR2003-0233-1-001-DT, of assault, criminal damage, and possession or use of narcotic drugs. (Doc. 10, Exs. A–C.) Bunn, who had two prior felony convictions, was sentenced to ten years in prison for the drug offense, a consecutive term of 3.75 years for the criminal damage offense, and time served for the assault. (Doc. 10, Ex. C.) Bunn filed a timely

1 notice of appeal. (Doc. 10, Ex. D.)

2 Bunn's counsel filed an *Anders* brief, stating that she found no arguable question
3 of law that was not frivolous. (Doc. 10, Ex. F at 47.) Bunn, as permitted by Arizona law,
4 then filed a supplemental brief pro se. (Doc. 10, Ex. E.) The Court of Appeals affirmed
5 Bunn's convictions and sentences on June 18, 2009. (Doc. 10, Ex. F.) After the time
6 expired for Bunn to seek review in the Arizona Supreme Court, the Court of Appeals
7 issued an Order and Mandate on August 12, 2009. (Doc. 10, Ex. G.)

8 Due to his failure to seek review in the Arizona Supreme Court, Bunn's
9 convictions became final once his time to seek such review expired on July 20, 2009. *See*
10 28 U.S.C. § 2244(d)(1)(A). Without any applicable tolling provisions, AEDPA's statute
11 of limitations period would have begun to run the next day, on July 21, 2009. However,
12 as Bunn's Notice of Post-Conviction Relief, filed on July 11, 2008, was still pending on
13 July 21, 2009, the limitations period was tolled for a week, until the trial court denied
14 Bunn's post-conviction petition on July 28, 2009. Thus, the AEDPA one-year statute of
15 limitations actually began to run the day after this denial, on July 29, 2009, as no
16 application for post-conviction relief was pending as of that date. *See* 28 U.S.C.
17 § 2244(d)(2). This one-year statute of limitations expired on July 29, 2010. Bunn did not
18 file the instant federal habeas petition until August 3, 2012, more than two years later.
19 (Doc. 1 at 11.)

20 Magistrate Judge Anderson issued an R&R on October 11, 2013, in which he
21 recommended denial of the petition as untimely. (Doc. 20.) Bunn filed his objections to
22 the R&R on October 29, 2013, (Doc. 22), and the Court will now review the petition *de*
23 *novo*.

**DISCUSSION**

25 **I. LEGAL STANDARD**

26 The writ of habeas corpus affords relief to persons in custody in violation of the
27 Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006).
28 Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective

- 2 -

1 Death Penalty Act of 1996 ("AEDPA"). *Id.* U.S.C. § 2244 et seq. AEDPA "establishes a 1–year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). The limitation period begins to run when the state conviction becomes final—either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(A)). This one-year limitation period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court, and "must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999).

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent his timely filing. *Pace*, 544 U.S. at 418. Nevertheless, equitable tolling is rare: the Court must "take seriously Congress's desire to accelerate the federal habeas process" and may equitably toll the AEDPA's limitation period only when the test's "high hurdle is surmounted." *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998).

**II. ANALYSIS**

The only argument Bunn makes regarding the timing of his filings is that the trial court failed to provide him timely notice of its July 28, 2009 decision to deny his petition for post-conviction relief, and therefore he was unable to file a timely Motion for Rehearing. (Doc. 1 at 23.) Magistrate Judge Anderson construed this as an argument for equitable tolling, but noted that this argument would only excuse Bunn's failure to file a timely Motion for Rehearing, and that the Arizona Court of Appeals rejected Bunn's Petition for Review as untimely not because his Motion for Rehearing was untimely, but

because he failed to file his Petition for Review within thirty days of the trial court's denial of the Motion for Rehearing. (Doc. 20 at 9.) Bunn does not allege he failed to receive timely notice of this denial. Even if the Court were to excuse Bunn's untimely Motion for Rehearing, this would only toll the limitations period four months, until the date the trial court denied that Motion for Rehearing. Here, Bunn filed his habeas petition more than two years late, and therefore it would remain untimely even if the Court were to allow this four months of tolling. Bunn has alleged no other basis on which to apply equitable tolling, and thus the Court finds that no such tolling is warranted.

## CONCLUSION

Petitioner filed his habeas petition more than two years after the expiration of the one-year statute of limitations, and it is therefore untimely. He has provided no adequate grounds upon which the deadline could be statutorily or equitably tolled. Since the petition is untimely, Plaintiff's Motion to Compel is denied as moot.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Anderson's R & R (Doc. 20) is **ACCEPTED.**

2. Petitioner's Motion to Compel is (Doc. 27) is **DENIED** as moot.

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

4. The Clerk of Court shall **TERMINATE** this action and enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 27th day of February, 2014.

*G. Murray Snow*
United States District Judge